## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT MICHIGAN

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN DOE subscriber assigned IP address** | ) | |
| **98.224.254.205,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE

# TABLE OF AUTHORITIES

Accord Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 572 (6th Cir. 2010) ......... 5

Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003)........................................................ 6

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).................................... 4

Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ......................................................... 4

Blakeslee v. Clinton County, 336 Fed.Appx. 248, 250 (3d Cir. 2009)........................................... 5

BMG Music v. Doe # 4, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) ..
............................................................................................................................................. 4, 6, 8

Columbia Ins. Co. v. Seescandy et al., 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) ....................... 7

Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) ......................................................................... 5

Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) ................................................................. 5

Elektra Entm't Group, Inc. v. Doe, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C.
Dec. 4, 2008)......................................................................................................................... 4, 7

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) ................................. 5

Green v. Doe, 260 Fed.Appx. 717, 719 (5th Cir. 2007) ................................................................ 5

Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ......................................................................... 8

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008)............................. 9

Krueger v. Doe, 162 F.3d 1173 (10th Cir. 1998)........................................................................... 5

Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) ..................................................................... 5

Malibu Media LLC v. John Does 1-12, 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012) ... 7

Malibu Media, LLC v. Doe, 2:13-CV-259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17,
2013) ......................................................................................................................................... 8

Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) ..................................................................... 5

ony Music Entm't v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004)............................ 4

Patrick Collins, Inc. v. John Does 1-28, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013) 6

Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011) ................................................. 5

Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26,
2012) ......................................................................................................................................... 6

Sony Music Entm't v. Does 1-40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004)............................... 6

Sony, 326 F.Supp. at 566 .............................................................................................................. 8

Warner Bros. Records, Inc. v. Doe, No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C.
Dec 4, 2008).............................................................................................................................. 4

Young v. Transp. Deputy Sheriff I, 340 Fed.Appx. 368 (9th Cir. 2009)........................................ 5

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO
SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**</u>

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this
Memorandum in support of its Motion for Leave to serve a third party subpoena prior to a rule
26(f) conference.

**I.      INTRODUCTION**

Plaintiff, Malibu Media, (d/b/a "X-art.com") operates a popular subscription based
website.[1]  Plaintiff creates its own content which is being infringed on a massive scale.  The John
Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works.
Accordingly, Plaintiff seeks leave to serve limited, immediate discovery on the John Doe
Defendant's Internet Service Provider, Comcast Cable (hereafter "ISP") so that Plaintiff may
learn Defendant's true identity.  Plaintiff is suing Defendant for using the Internet, specifically
the BitTorrent file distribution network, to commit direct copyright infringement.

Since Defendant used the Internet to commit this infringement, Plaintiff only knows
Defendant by his Internet Protocol ("IP") address.  Defendant's IP address was assigned to the
Defendant by his respective Internet Service Provider ("ISP").  Accordingly, the ISP can use the
IP address to identify the Defendant.[2]  Indeed, ISPs maintain internal logs, which record the date,
time and customer identity for each IP address assignment made by that ISP.  Significantly, ISPs
may maintain these logs for only a short period of time.[3]

---

[1] *See* Declaration of Colette Field (Exhibit A)
[2] *See* Declaration of Patrick Paige (Exhibit B)
[3] Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before
The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security
United States House Of Representatives, (January 2011) at
http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf stating: "Some [ISP] records are
kept for weeks or months; others are stored very briefly before being purged."

3

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the Defendant's ISP. This subpoena will demand the true name, address, telephone number, and e-mail address of the Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights.

## II.    ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (same); *Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008) (same); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (same). *See also*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify

"Doe" defendants and courts "routinely applied" the good cause standard to permit discovery. Here, Plaintiff easily satisfies all of these requirements. Accordingly, this Court should grant the Motion.

> **A.** **Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants**

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants.

For example, the Second Circuit stated in *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities." *See also*, *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."). *Accord Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff I*, 340 Fed.Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260 Fed.Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

> **B.** **Good Cause Exists to Grant the Motion**

> **1.** **Plaintiff Has a Prima Facie Claim for Copyright Infringement**

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff satisfied the first

good cause factor by properly pleading a cause of action for copyright infringement:

32. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

33. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

34. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

Complaint at ¶¶ 32-34. *See* 17 U.S.C. §106; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ("the complaint makes a prima facie claim of copyright infringement, which requires '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"); *Patrick Collins, Inc. v. John Does 1-28*, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013) (same). Further, Plaintiff's allegations of infringement are attested to by Plaintiff's investigator, IPP International UG's employee, Tobias Fieser. *See* Declaration of Tobias Fieser in Support of Plaintiff's Motion For Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Fieser Declaration") at ¶¶ 13 - 16, Exhibit C. Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

## 2. Plaintiff Has Clearly Identified Specific Information It Seeks Through Discovery

Plaintiff seeks to discover from the Defendant's ISP the true name, address, telephone number and e-mail address of the Defendant. This is all specific information that is in the possession of the Defendant's ISP that will enable Plaintiff to serve process on Defendant. Since the requested discovery is limited and specific, Plaintiff has satisfied the second good cause

factor. *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "the discovery request is sufficiently specific to establish a reasonable likelihood that the identity of Doe # 4 can be ascertained so that he or she can be properly served").

### 3. No Alternative Means Exist to Obtain Defendant's True Identities

Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity because "records are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense." *See* Statement Of Jason Weinstein. Indeed, "[o]nce provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time." *See* Declaration of Patrick Paige at ¶ 11 (Exhibit B). Since there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it, Plaintiff has established the third good cause factor. *See Columbia Ins. Co. v. Seescandy et al.*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (finding that the feasibility of a suggested alternative method of determining defendants' identities by hiring a private investigator to observe downloading "is questionable at best"); *Malibu Media LLC v. John Does 1-12*, 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012) ("Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than

by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy").

  **4.**  **Plaintiff Needs the Subpoenaed Information to Advance the Asserted Claims**

  Obviously, without learning the Defendant's true identity, Plaintiff will not be able to serve the Defendant with process and proceed with this case.   Plaintiff's important statutorily protected property rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights.  Since identifying the Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor. *Sony*, 326 F.Supp. at 566*; BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "[p]laintiffs have shown that the subpoenaed information—Doe # 4's identity—is centrally needed to advance Plaintiffs' copyright infringement claim"); *Malibu Media, LLC v. Doe*, 2:13-CV-259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17, 2013) ("Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement.")

  **5.**  **Plaintiff's Interest in Knowing Defendant's True Identities Outweighs Defendant's Interests in Remaining Anonymous**

  Plaintiff has a strong legitimate interest in protecting its copyrights.   Defendant is a copyright infringer with no legitimate expectation of privacy in the subscriber information he provided to his ISP, much less in distributing the copyrighted work in question without permission. *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it

to another person—the system operator"); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "[p]laintiffs have shown that Defendant Doe # 4 has a minimal expectation of privacy in downloading and distributing copyrighted songs without permission"); *Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Sony*, 326 F.Supp.2d at 566 ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). Since Defendant does not have a legitimate interest in remaining anonymous, and since Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, Plaintiff has established the fifth good cause factor.

## III.     CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue a Rule 45 subpoena to the ISP.

Respectfully submitted,

NICOLETTI LAW, PLC

By:   */s/ Paul J. Nicoletti*
         Paul J. Nicoletti, Esq. (P-44419)
         33717 Woodward Ave, #433
         Birmingham, MI 48009
         Tel:  (248) 203-7800
         E-Fax: (248) 928-7051
         Email:  pauljnicoletti@gmail.com
         *Attorneys for Plaintiff*